[No. 23718.    Department One.    December 9, 1932.]

W. E. DOOLEY, *Appellant*, v. C. D. HILLMAN, *Respondent*.[1]

*James T. Lawler,* for appellant.
*Fred C. Brown,* for respondent.

PARKER, J.—The plaintiff, Dooley, commenced this action in the superior court for King county seeking recovery from the defendant, Hillman, of the sum of five hundred dollars, being the amount paid by Dooley

[1]Reported in 16 P. (2d) 1050.

to Hillman as part of the purchase price contracted to be paid by him to Hillman for certain lands. Dooley claims that he is entitled to the return of this sum because of Hillman's breach of the contract. Trial in the superior court, sitting without a jury, resulted in findings and judgment denying to Dooley any recovery, from which he has appealed to this court.

The contract in question is evidenced by a check given by Dooley to Hillman, and signed writings on the face and on the back thereof. The whole of the writing on the face of the check, including the usual printed portion on forms for bank checks, is as follows:

"Deposit on all lands known as Birmingham Snohomish Co. Wash. owned by C. D. Hillman and not now sold under contract.

"Seattle, Wash. April 29, 1929.
"Pay to the order of C. D. Hillman 500 00/100 Five Hundred & 00/100 Dollars.
"To the University National Bank,
Seattle, Wash.        (Signed)    W. E. Dooley."

The whole of the writing on the back of the check is as follows:

"9500.00 to be paid C. D. Hillman May 29th, 1929. If not all paid, money to be forfeited as liquidated damages. Total price to be paid as follows: $5,000.00 Nov. 29th, 1929; $10,000.00 May 29th, 1930 and $10,000.00 each year, each year except the last year $15,000.00. Total price to be $110,000.00, with interest at 6% payable semi-annually. Taxes to be paid by seller to date and from date being 1929 taxes by purchaser. This is to include all lands owned by C. D. Hillman at Birmingham, Snohomish Co., Wash., except lands heretofore sold now under contract, except five acres on Lake Goodwin and Lot 15 in Blk. 49 Div. one and the tide lands in front of same less a 10 ft. easement next to the hill.

"(Signed)    C. D. Hillman."

This check was, soon after its date, presented to the bank by Hillman, when he received payment thereof. Dooley claims a further oral agreement with Hillman by which Hillman was to perform other conditions as a part of the contract, which Hillman has failed to perform. But we find it unnecessary to notice these claims, in view of our conclusion resting alone upon the above quoted writings as constituting the contract.

On April 29, 1929, when the contract was made, Dooley did not know what amount of unpaid taxes was charged against the lands, which by the terms of the contract Hillman was to pay. About May 15, 1929, Dooley first learned that the unpaid taxes charged against the lands amounted to approximately forty thousand dollars, the taxes for several years past being delinquent. Hillman then asked Dooley to lend him aid in his endeavor to have the county authorities make reduction in the assessments and taxes. Dooley, being interested in that behalf, in view of the fact that any reduction in the assessments would be to his benefit in the future should his purchase of the land become consummated, did lend aid to Hillman looking to such reductions. These efforts, however, proved unsuccessful. Hillman paid on the oldest delinquent tax approximately six thousand dollars, to save the land from tax foreclosure. This left unpaid more than thirty thousand dollars of the taxes which Hillman had agreed to pay.

On May 29, 1930, the date of the maturity of the $9,500 installment, that installment was not paid by Dooley. Hillman, by his own testimony, considered Dooley then in default. Hillman, not long thereafter, just when is not made plain, assumed dominion over the lands by offering them for sale to others and actually made some such sales, and later sold or contracted to sell all of the remaining lands to others. The trial

court's findings are very brief. The first finding recites the making of the contract, as above noticed. The second finding reads as follows:

"That plaintiff failed and refused to pay the said sum of $9,500 due defendant on the 29th day of May, 1929, and upon his failure to pay said sum, defendant declared said agreement cancelled and retained the said $500 as liquidated damages in accordance with the agreement between plaintiff and defendant."

The third and last finding is a mere conclusion that Dooley is not entitled to any recovery against Hillman. The record plainly indicates that the trial court denied recovery by Dooley upon the theory that he was in default upon failure to pay the $9,500 installment maturing May 29, 1929, and thereby forfeited all his rights under the contract and forfeited the five hundred dollars as liquidated damages.

These facts, it seems to us, leave little to be argued. In our opinion, they demonstrate that Dooley is entitled to judgment awarding him recovery against Hillman in the sum of five hundred dollars, with interest at the legal rate from April 29, 1929. Dooley was not obliged to pay the $9,500 installment maturing May 29, 1929, there then remaining unpaid at least thirty thousand dollars of the taxes Hillman had agreed to pay. Thereafter, Hillman's attitude constituted an ignoring of Dooley's rights under the contract and an assertion of Dooley's forfeiture of the five hundred dollars as liquidated damages.

Dooley also sought, on a second cause of action, to recover one hundred dollars from Hillman for services claimed to have been rendered by him to Hillman looking to the reduction of the assessments and taxes. We deem it sufficient to say that we agree with the trial court that Dooley is not entitled to recover on that cause of action.

436

We conclude that the judgment of the trial court must be reversed, in so far as it denies recovery by Dooley from Hillman in the sum of five hundred dollars, with interest from April 29, 1929. It is so ordered. The cause is remanded to the superior court, with directions to enter its judgment accordingly.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.